1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

11   RICHARD S. KINDRED,                ) Case No. SACV 14-0469-ABC (RNB)
                                        )
12                    Petitioner,       )
                                        ) ORDER TO SHOW CAUSE
13             vs.                      )
                                        )
14   CA SUPERIOR COURT,                 )
     COUNTY OF ORANGE,                  )
15                                      )
                      Respondent.       )
16   _____  )

17        Petitioner currently is incarcerated at Coalinga State Hospital, following a trial
18   in Orange County Superior Court on a petition for commitment as a sexually violent
19   predator ("SVP") under California's Sexually Violent Predator Act (Cal. Welf. &
20   Inst. Code §§ 6600 et seq.).  On March 27, 2014, he filed a Petition Under 28 U.S.C.
21   § 2241 for Writ of Habeas Corpus by a Person in State Custody herein that purports
22   to contain two grounds for relief.
23        In order to be entitled to habeas relief under 28 U.S.C. § 2241, a state prisoner
24   must be in custody in violation of the Constitution or laws or treaties of the United
25   States.  Here, Ground one of the Petition is not framed as a federal constitutional
26   claim. Moreover, even if Ground one were reframed as a federal constitutional claim,
27   the Court would not be able to consider it on habeas review because petitioner's claim
28   regarding the failure to provide sex offender treatment concerns conditions of

1    confinement to which petitioner allegedly has been subjected while confined at

2    Coalinga State Hospital.  "[T]he writ of habeas corpus is limited to attacks upon the

3    legality or duration of confinement."  Crawford v. Bell, 599 F.2d 890, 891 (9th Cir.

4    1979).

5         In Ground two of the Petition, petitioner appears to be claiming that the

6    California Department of State Hospitals/ Coalinga State Hospital provided false

7    information to the Superior Court and the District Attorney regarding petitioner's

8    current mental status.  Even if this ground for relief were construed as implicating the

9    validity of the judgment of commitment following the trial on the SVP petition, like

10   Ground one, it is not framed as a federal constitutional claim.  Moreover, even if

11   Ground two were reframed as a federal constitutional claim, it appears to the Court

12   that abstention from consideration of it would be appropriate because, according to

13   the Petition, petitioner's appeal from the judgment of commitment still is pending.

14        "[O]nly in the most unusual circumstances is a defendant entitled to have

15   federal interposition by way of injunction or habeas corpus until after the jury comes

16   in, judgment has been appealed from and the case concluded in the state courts."

17   Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972); see also Carden v. Montana, 626

18   F.2d 82, 83-84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980).  Thus, as a general

19   proposition, a federal court will not intervene in a pending state criminal proceeding

20   absent extraordinary circumstances where the danger of irreparable harm is both great

21   and immediate.  See Younger v. Harris, 401 U.S. 37, 45-46, 91 S. Ct. 746, 27 L. Ed.

22   2d 669 (1971); see also Fort Belknap Indian Community v. Mazurek, 43 F.3d 428,

23   431 (9th Cir. 1994) (abstention appropriate if ongoing state judicial proceedings

24   implicate important state interests and offer adequate opportunity to litigate federal

25   constitutional issues), cert. denied, 516 U.S. 806 (1995).  Moreover, the law is well

26   established that the doctrine also applies to pending state civil proceedings, when

27   important state interests are at stake.  See, e.g., Moore v. Sims, 442 U.S. 415, 423, 99

28   S. Ct. 2371, 60 L. Ed. 2d 994 (1979) (pending child custody proceeding); Huffman

1  v. Pursue, Ltd., 420 U.S. 592, 604, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975) (pending

2  nuisance action).

3         Younger abstention is appropriate in favor of a state proceeding if three criteria

4  are met: (1) the state proceedings are ongoing; (2) the proceedings implicate

5  important state interests; and (3) the state proceedings provide an adequate

6  opportunity to litigate the plaintiff's federal constitutional claims.  See Middlesex

7  County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct. 2515,

8  73 L. Ed. 2d 116 (1982); Kenneally v. Lungren, 967 F.2d 329, 331-32 (9th Cir. 1992),

9  cert. denied, 506 U.S. 1054 (1993); Partington v. Gedan, 880 F.2d 116, 121 (9th Cir.

10 1989), cert. denied, 497 U.S. 1038 (1990).

11        Here, it appears to the Court that all three criteria for Younger abstention are

12 met.  First, petitioner's SVP proceeding is ongoing in that the appeal from the

13 judgment of commitment still is pending.  Second, the ongoing SVP proceeding does

14 implicate important state interests.  In enacting California's Sexually Violent Predator

15 Act, the California Legislature indicated that the state had an interest in identifying

16 sexually violent predators with diagnosable mental disorders while they were

17 incarcerated as these persons were not safe to be at large and if released represented

18 a danger to the health and safety of others in that they were likely to engage in acts

19 of sexual violence.  See Historical and Statutory Comments to Cal. Welf. & Inst.

20 Code § 6600.  As the California Supreme Court observed in Hubbart v. Superior

21 Court, 19 Cal. 4th 1138, 1153 n.20, 81 Cal. Rptr. 2d 492, 969 P.2d 584 (1999), "The

22 problem targeted by the act is acute, and the state interests--protection of the public

23 and mental heath treatment--are compelling."

24        In considering the third factor, the Supreme Court has noted that "where vital

25 state interests are involved, a federal court should abstain 'unless state law clearly

26 bars the interposition of the constitutional claims.'"  Middlesex, 457 U.S. at 432.

27 "'[T]he ... pertinent inquiry is whether the state proceedings afford an adequate

28 opportunity to raise the constitutional claims ....'"  Id. (quoting Moore, 442 U.S. at

1    430).  Here, even assuming that Ground two of the Petition could be reframed as a

2    federal constitutional claim, the Court fails to see why such a federal constitutional

3    claim could not be adequately addressed in either petitioner's appeal from the

4    judgment of commitment or a habeas petition to the state courts.  See, e.g., In re

5    Smith, 42 Cal. 4th 1251, 73 Cal. Rptr. 3d 469, 178 P.3d 446 (2008) (petitioner raising

6    equal protection claim challenging continuation of SVP proceedings, when the felony

7    conviction that was the basis of his custody at the time the SVP proceedings were

8    commenced was reversed on appeal); People v. Taylor, 174 Cal. App. 4th 920, 94

9    Cal. Rptr. 3d 756 (2009) (appellant raising due process, equal protection, double

10   jeopardy, and ex post facto claims); People v. Hubbart, 88 Cal. App. 4th 1202, 106

11   Cal. Rptr. 2d 490 (2001) (appellant claiming inter alia a due process violation on the

12   basis that he was not in lawful custody at the time the SVP commitment petition was

13   filed); People v. Buffington, 74 Cal. App. 4th 1149, 88 Cal. Rptr. 2d 696 (1999)

14   (appellant raising ex post facto, double jeopardy, due process and equal protection

15   claims).

16       The Court also notes that other federal courts similarly have concluded that

17   Younger abstention applies to SVP proceedings.  See, e.g., Rhoden v. Mayberg, 361

18   Fed. Appx. 895, 896 (9th Cir. 2009) (now citable for its persuasive value pursuant to

19   Ninth Circuit Rule 36-3) ("These state civil commitment proceedings are judicial in

20   nature, implicate important state interests, and afford [the petitioner] an adequate

21   opportunity to litigate his federal claims."); Miller v. Cate, 2011 WL 4457666, at *4

22   (E.D. Cal. Sept. 23, 2011); Shehee v. Baca, 2009 WL 838172, at *1-*2 (C.D. Cal.

23   Mar. 30, 2009); Clemons v. Kramer, 2008 WL 3833416, at *3-*5 (C.D. Cal. Aug.15,

24   2008); Dannenberg v. Nakahara, 1998 WL 661467, at *2 (N.D. Cal. Sept. 22, 1998).

25       Nor would it make any difference if petitioner had framed Ground two as a

26   federal constitutional claim and included it in his California Supreme Court habeas

27   petition.  See Drury, 457 F.2d at 765 (exhaustion of federal issue insufficient if

28   criminal proceedings through direct appeal not yet complete); Murphy v. Wilson, 409

4

1 F.2d 840, 841 (9th Cir. 1969) (exhaustion requirement not satisfied until the state

2 appeal proceedings have been completed and a final state judgment has been entered).

3    Accordingly, on or before **April 28, 2014**, petitioner is ordered to show cause,

4 in writing, why this action should not be summarily dismissed pursuant to Rule 4 of

5 the Rules Governing Section 2254 Cases in the United States District Courts without

6 prejudice to refiling after petitioner's SVP proceedings, **including appeal**, are

7 completed, and petitioner has exhausted his state remedies with respect to any federal

8 constitutional claims.

9

10 DATED: March 31, 2014

11

12

ROBERT N. BLOCK
13 UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28